CLARK, APPELLEE, *v.* CITY OF
COLUMBUS, BOARD OF INDUSTRIAL
RELATIONS, ET AL., APPELLANTS.

(No. 84AP-664 — Decided
October 18, 1984.)

*Cloppert, Portman, Sauter &
Latanick, Robert W. Sauter* and *Walter
Gerhardstein,* for appellee.

*Gregory S. Lashutka,* city attorney,
and *Barbara A. Gates,* for appellants.

STRAUSBAUGH, J. This is an appeal
by appellant, city of Columbus, Board of
Industrial Relations, from the judgment
of the Court of Common Pleas of
Franklin County reversing the denial of
injury leave of appellee, David M. Clark.

The facts are not in dispute. On the
evening of April 1, 1983, Officer David
Clark, while patrolling an alley with Of-
ficer Rushin in a police cruiser, observed
two men committing a burglary. Upon
observing the officers, the two men fled
the scene. Officer Clark proceeded to
chase one of the suspects on foot for
over a mile, finally apprehending the
suspect who immediately broke away. A
second chase on foot between the
suspect and Officer Clark occurred for
another two hundred yards. Upon the
second apprehension, the suspect con-
tinued to resist being handcuffed.
Following the handcuffing, Officer
Clark became dizzy, had shortness of
breath, and experienced chest pains and
weakness of the legs. He then passed
out and vomited. He was taken to Mt.
Carmel Hospital Medical Center, Car-
diac Care Unit, where intense testing
and monitoring were ordered, and
where Officer Clark remained for eleven
days. He was diagnosed as having suf-
fered vasovagal syncope. Upon his
release from the hospital, his doctor
ordered bed rest for nine more days.

Appellant sets forth the following
two assignments of error:

"I. Whether the trial court erred in
holding that vasovagal syncope, which is
medically defined as an illness, is an in-
jury within the meaning of the injury
leave provision of Columbus City Or-
dinance 580-83, Section 16.

"II. Whether the trial court erred
by exceeding its authority to review the
decision of the Board of Industrial Rela-
tions pursuant to Ohio Revised Code
§ 2506.04 by merely substituting its
judgment for that of the board's when
the board's decision was supported by
the preponderance of substantial, reli-
able and probative evidence in the
record."

In support, appellant argues that

Section 16 of Columbus City Ordinance 580-83, injury leave with pay, provides in pertinent part:

"(A) All officers shall be granted injury leave with pay * * * for each service-connected injury provided such injury is reported * * *.

"(B) Service-connected injuries are defined as injuries caused by the actual performance of the duties of the position. * * *"

Appellant further argues that nowhere does Section 16 provide that injury leave may be granted for illnesses or other medical problems which are not injuries, and that vasovagal syncope is an illness and not a physical damage to a person.

We do not find, nor are we directed to, any definition in the city code for a definition of "injury." Therefore, we must rely upon the common usage or meaning of the word "injury." Webster's Third New International Dictionary (1966) defines "injury" as "an act that damages, harms or hurts." Appellant relies upon the definition of "vasovagal syncope" found in Dorland's Illustrated Medical Dictionary (25 Ed. 1974) as:

"an episode or onset of illness * * * a transient vascular and neurogenic reaction marked by pallor, nausea, sweating bradycardia, and rapid fall in arterial blood pressure which, when below a critical level, results in loss of consciousness and characteristic electroencephalographic changes. It is most often evoked by emotional stress associated with fear or pain. * * *"

It is clear that the facts in this case indicate an injury or trauma to appellee's body. The *cause* of the condition is the essential element overlooked by appellant in this case. While it is true that not all conditions of vasovagal syncope are injuries, the cause of appellee's condition in this case was clearly an injury within the purview of Section 16 of Columbus City Ordinance 580-83.

For the foregoing reasons, we find that appellants' two assignments of error are not well-taken and are therefore overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.